## FISCHER v. HAYES.

*(Circuit Court, S. D. New York.   November 1, 1884.)*

PATENTS FOR INVENTIONS—REFERENCE TO DEPUTY CLERK OF COURT AS MASTER —ACT OF MARCH 3, 1879—AMENDMENT.

Where the court makes an interlocutory decree in a suit for infringement of a patent, awarding a recovery of profits and damages, and directing a reference to a party "as master *pro hac vice*," to take and report an account of profits, and to assess the damages, and such party is at the time a deputy clerk of the court, and no "special reason" for his appointment is assigned, as required by the act of March 3, 1879, (20 St. at Large, 415,) after his report has been made it will not be set aside, on motion of defendant, on the ground that no "special reason" for the appointment was assigned when it was made with the assent in open court of the solicitors of both parties, and they carried on the proceedings before the master for several months after the discovery that he was a deputy clerk, but the decree may be amended *nunc pro tunc*, by inserting the words, "the solicitors for the respective parties having in open court consented to the appointment of said master, although he is the deputy clerk of court, and the court now determining that such consent is a sufficient special reason for such appointment."

In Equity.

*Wetmore & Jenner*, for Fischer.

*Lawrence & Waehner*, for Hayes.

BLATCHFORD, Justice.   The deficiency appropriation act of March 3, 1879, (20 St. at Large, 415,) contained this provision: "No clerk of the district or circuit courts of the United States, or their deputies, shall be appointed a receiver or a master in any case, except where the judge of said court shall determine that special reasons exist therefor, to be assigned in the order of appointment." While this statute was in force, and on the first of February, 1881, the court made and entered an interlocutory decree in this case, which is a suit in equity for the infringement of letters patent, awarding to the plaintiff a recovery of profits and damages, and directing a reference to John A. Shields, "as master *pro hac vice*," to take and report an account of profits and to assess the damages. Mr. Shields was at the time chief deputy clerk of the court, duly appointed under section 624 of the Revised Statutes. The decree did not assign any special reasons for the appointment of Mr. Shields. The master proceeded with the accounting down to January 10, 1884, when he filed his report in favor of the plaintiff. Exceptions were filed to it, which were heard by the court and overruled, and the report was confirmed.

Now, on a showing that the solicitor for the defendant did not know of the statute until August, 1884, and that the defendant did not until the same time know that Mr. Shields was a deputy clerk of the court, an application is made to set aside the reference to Mr. Shields, and all the proceedings under it, and his report, and to declare them void, because of the provisions of the statute. It is shown that the solicitor for the defendant and the plaintiff's solicitor assented in open court to the designation of Mr. Shields as master, at the time the interlocutory decree was presented and settled and signed. Under such circumstances, consent being an adequate special reason in a case of the kind, it must be presumed that, as the judge appointed Mr. Shields, he determined that the consent was an adequate special reason. Nothing, therefore, remains but the irregularity of omitting to state the special reason in the decree.

The disqualification of the deputy clerk was for the benefit of the parties. They could waive objection to him, and the court could act on that waiver. Ignorance of the statute by the solicitor did not detract from the force of the waiver, no abuse or prejudice being now alleged. The solicitor does not aver that he did not know that Mr. Shields was deputy clerk. Knowledge of that fact by him was knowledge of it by the defendant.

The case is not one of consent to jurisdiction, or of a waiver of what public policy forbids to be waived. The appointment of a deputy clerk as master is not forbidden, but is allowed under certain circumstances, and with certain formalities. In a case where only an account is to be taken, and no moneys are to be handled, and the court has full control of the report, there is no reason of public policy which forbids the assent of the parties to the appointment of a deputy clerk, or requires that that should not be an adequate special reason. The irregularity, if it was one, in a case of consent, of not specifying the consent, in the decree, as the special reason for the appointment, is a mere defect or want of form, which may be disregarded or supplied by amendment, under section 954 of the Revised Statutes, or under the general power of a court of equity, under section 913. Moreover, there was a waiver by the defendant, in carrying on the proceedings so long under the reference, and excepting to the report, and waiting till after an adverse decision, before making this application. The oath to a referee is waived by proceeding through a trial without objecting.

It is not entirely clear that the statute is not to be construed as applicable only to the cases where a master *ejusdem generis* with a receiver is appointed,—a master through whose hands money or property is to pass, as a receiver; such as one to sell on foreclosure of a mortgage, or to administer property or funds. But, however this may be, the present case is a proper one in which to direct that an order be entered, providing that the interlocutory decree, dated February 1, 1881, be amended *nunc pro tunc*, as of that date, by inserting therein,

before the words "to ascertain and take," the words, "(the solicitors for the respective parties having in open court consented to the appointment of said Shields as such master, although he is the chief deputy clerk of this court, and the court now determining that such consent is a sufficient special reason for such appointment.)"

The same disposition is made of the application in the case against Neil.